**KILPATRICK TOWNSEND &
STOCKTON LLP**
Georges Nahitchevansky (GN 7750)
Briggs M. Wright (BW 1979)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANGHAI ZHENGLANG TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SUPERBOX INC., <br><br> Defendant. | Case No. _____ <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Shanghai Zhenglang Technology Co., Ltd. ("Plaintiff") brings this complaint

against SUPERBOX Inc. ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This action arises out of Defendant's unauthorized marketing, advertising,

offering for sale, sale, and distribution of gem-themed, mobile application game software under

the mark JEWEL HUNTER, in violation of Plaintiff's prior rights in the mark JEWEL HUNTER

for identical goods.

2.      Notwithstanding Plaintiff's prior trademark rights, Defendant has also sought to

register the mark JEWEL HUNTER with the U.S. Patent and Trademark Office ("USPTO") for

downloadable computer games and game software, the very goods associated with Plaintiff's

JEWEL HUNTER mark.

3.      Plaintiff sought to protect its rights in the JEWEL HUNTER mark in an

opposition proceeding before the Trademark Trial and Appeal Board (the "TTAB") by opposing

Defendant's application to register the identical JEWEL HUNTER mark.  That proceeding,

however, was dismissed by a decision dated September 2, 2022 on purely procedural grounds

relating to alleged defects in testimonial evidence submitted by Plaintiff.

4.      Therefore, Plaintiff brings this action to not only appeal the TTAB decision, but

to also seek relief for the irreparable harm caused by Defendant's continued use and

infringement of Plaintiff's JEWEL HUNTER trademark, and associated acts constituting unfair

competition, false designation of origin, and unfair and deceptive trade practices under federal,

state, and common law.

## JURISDICTION AND VENUE

5.      This Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §

1071(b)(1), which permits a party to challenge a final decision of the Trademark Trial and

Appeal Board by filing a federal District Court action.  This Court also has jurisdiction under

Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Section 1338(a) of the Judicial Code, 28

U.S.C. § 1338(a), and under principles of pendent jurisdiction.

6.      This Court possesses personal jurisdiction over Defendant SUPERBOX Inc.

Upon information and belief, Defendant does business in New York and this District, and/or

transacts and/or solicits business in New York and this District, and it advertises, offers, and

distributes its goods under the infringing mark at issue within New York and this District.

US2008 20987835 2

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b), and (c).

## THE PARTIES

8.       Plaintiff Shanghai Zhenglang Technology Co., Ltd. is a Chinese limited company

with a principal place of business in Shanghai, China.

9.       Upon information and belief, Defendant SUPERBOX Inc. is a corporation

organized under the laws of the Republic of Korea, with a place of business in Seoul, Republic

of Korea, and transacts business in this judicial District and throughout the United States.

## FACTS

**Plaintiff's JEWEL HUNTER Mark & Mobile Application Games**

10.       Plaintiff designs, develops, and distributes mobile applications and gaming

software.

11.       Plaintiff has advertised, offered for sale, and distributed its mobile applications

and gaming software throughout the world, including in the United States, and New York state.

12.       Plaintiff offers and distributes its mobile applications and gaming software to U.S.

consumers through the Google Play and Apple App Store mobile application stores.

13.       Plaintiff has continuously used the mark JEWEL HUNTER in interstate

commerce since at least as early as January 2013 to advertise, offer, and distribute a variety of

gem-themed mobile games.

14.       Plaintiff's JEWEL HUNTER-branded mobile games are immensely popular,

immersing players in worlds of vibrant, colorful gems while they solve an addictive and

enjoyable matching puzzle game.

15.     Plaintiff has enjoyed considerable success in marketing, downloads, and sales of its JEWEL HUNTER-branded mobile games, and therefore has developed immense goodwill in the JEWEL HUNTER mark.

16.     Users of Plaintiff's JEWEL HUNTER games have left scores of positive comments and reviews praising the games on mobile application platforms such as Google Play and Apple's App Store.

17.     Plaintiff's JEWEL HUNTER games have been used, accessed, and downloaded by a significant number of consumers in the United States.

18.     Plaintiff has made significant investments in the advertising and promotion of its JEWEL HUNTER games in the United States.

19.     Through Plaintiff's advertising, promotion, and use of its JEWEL HUNTER mark, Plaintiff has acquired substantial goodwill in the mark, and did so long prior to Defendant applying to register the identical mark, and prior to Defendant using the identical mark.

20.     Plaintiff has developed strong common law rights in its JEWEL HUNTER mark in connection with mobile applications and gaming software.

21.     In addition to its common law rights in the JEWEL HUNTER mark in the United States and elsewhere, Plaintiff owns trademark registrations for JEWEL HUNTER in several foreign jurisdictions, including China, the EU, United Kingdom, and Mexico.

22.     Further, Plaintiff also owns a pending, use-based application to register its JEWEL HUNTER mark in International Class 9 for: "[c]omputer game programmes downloadable via the Internet; Computer game software downloadable from a global computer

4

network; Downloadable electronic game software for use on mobile and cellular phones,
handheld computers; Recorded computer game programs; Downloadable computer application
software for mobile phones, namely, software for use in database management, use in electronic
storage of data, for playing online games; Downloadable computer game software;
Downloadable computer game software for personal computers and home video game consoles;
Downloadable computer game software for use on mobile and cellular phones; Downloadable
computer programs for pre-recording sports games; Downloadable electronic game programs;
Downloadable electronic game software; Downloadable electronic game software for handheld
electronic devices; Downloadable game software; Downloadable mobile applications for
booking taxis; Recorded computer game software; Recorded game software" (App. Ser. No.
90/186,182).  Plaintiff's Application Serial No. 90/186,182 is currently suspended in light of
Defendant's Application Serial No. 88/139,836 for the identical mark, which is the application at
issue in the final TTAB decision that Plaintiff seeks to appeal through this action (Opposition
No. 91251457).

**Defendant's Infringing JEWEL HUNTER Mark**

23.    On October 2, 2018, Defendant filed an application with the USPTO to register
the mark JEWEL HUNTER in International Class 9 for "recorded computer game software;
downloadable smart phone application software for playing electronic games; computer game
programmes downloadable via the Internet; downloadable music files; downloadable digital
photograph; electronic publications, downloadable, namely, magazines and books in the field of
gaming and music" (Serial No. 88/139,836) ("Defendant's Application").  Defendant's
Application was filed on an intent-to use basis pursuant to Section 1(b) of the Lanham Act, and

US2008 20987835 2

pursuant to Section 44(d) of the Trademark Act, relying on its then-pending application in the

Republic of Korea for the mark.

24.     Defendant has also began offering gem-themed downloadable games in interstate

commerce under the name and mark JEWEL HUNTER LOST TEMPLE through platforms such

as the Google Play and the Apple App Store mobile application stores.

25.     Upon information and belief, Defendant has advertised, offered for sale, sold,

and/or distributed JEWEL HUNTER-branded downloadable games to consumers throughout the

United States, including in New York and this District.

26.     Upon information and belief, Defendant's intent in adopting the mark JEWEL

HUNTER for its gem-themed mobile games was to trade on the reputation and goodwill of

Plaintiff's JEWEL HUNTER trademark and its JEWEL HUNTER-branded, gem-themed mobile

games.

27.     Upon information and belief, Defendant is and was at all relevant times aware of

Plaintiff, its JEWEL HUNTER mark, and its JEWEL HUNTER-branded, gem-themed, mobile

games long before it adopted the JEWEL HUNTER mark for its own gem-themed mobile

games.

28.     Defendant's infringing use of the JEWEL HUNTER mark has caused and/or is

likely to cause confusion or mistake, or has deceived and/or is likely to deceive purchasers,

potential purchasers, and the relevant public, as to the source, sponsorship, or approval of

Defendant's products, and/or Defendant's affiliation with Plaintiff, and is thereby causing harm

to Plaintiff's reputation and goodwill.  The likelihood of confusion, mistake, and deception

US2008 20987835 2

caused by Defendant's infringement is causing irreparable harm to Plaintiff's reputation and goodwill, and impairing the distinctiveness of Plaintiff's JEWEL HUNTER mark.

**Prior USPTO Opposition Proceeding**

29.     On October 8, 2019, Plaintiff commenced an opposition proceeding before the TTAB opposing Defendant's registration of JEWEL HUNTER, Application Serial No. 88/139,836 (*Shanghai Zhenglang Technology Co., Ltd. v. Superbox Inc.*, Opposition No. 91251457) (the "Zhenglang Opposition").  As grounds for opposition, Plaintiff asserted its prior rights in the JEWEL HUNTER mark and a likelihood of confusion, pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

30.     On September 2, 2022, the TTAB dismissed the Zhenglang Opposition proceeding on the grounds of lack of standing.  However, the basis for the Board's decision was merely a procedural defect, namely, that the testimonial declarations substantiating Plaintiff's standing to bring the opposition proceeding were improperly executed.

31.     Plaintiff respectfully submits that the TTAB's decision elevated form over substance and, in doing so, fails to redress the clear likelihood of confusion that exists between Plaintiff's JEWEL HUNTER mark and Defendant's identical mark, which Defendant seeks to register for identical goods.

**COUNT I**
**APPEAL FROM DECISION OF THE TTAB**
**15 U.S.C. § 1071(b)**

32.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

US2008 20987835 2

33.     Plaintiff appeals the September 2, 2022 decision of the Trademark Trial and

Appeal Board in the matter of *Shanghai Zhenglang Technology Co., Ltd. v. Superbox Inc.*,

Opposition No. 91251457.

34.     The September 2, 2022 TTAB decision in the Zhenglang Opposition is a final

decision subject to review under Section 21 of the Lanham Act, 15 U.S.C. § 1071.

35.     Plaintiff has taken no appeal of the September 2, 2022 decision to the United

States Court of Appeals for the Federal Circuit.

36.     Plaintiff seeks a review of the TTAB's September 2, 2022 decision by civil action

pursuant to Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

37.     Plaintiff seeks an order reversing the TTAB's September 2, 2022 decision on the

basis that Plaintiff has trademark priority in the mark JEWEL HUNTER with respect to

Defendant, and that registration of Defendant's Application Serial No. 88/139,836 would cause a

likelihood of confusion with Plaintiff's prior rights in the JEWEL HUNTER mark.  Plaintiff

further seeks an order that the USPTO register its U.S. Trademark Application Serial No.

90/186,182 on the USPTO's Principal Register.

<u>COUNT II</u>
**FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. § 1125(a)(1)(A)**

38.     Plaintiff repeats and realleges each and every allegation in the foregoing

paragraphs as if fully set forth herein.

39.     The JEWEL HUNTER mark is a strong and distinctive source identifier for

Plaintiff's goods.  It is entitled to the broadest scope of protection.

US2008 20987835 2

40.    Plaintiff owns all rights in the JEWEL HUNTER mark.  Defendant is not authorized to use the JEWEL HUNTER mark.

41.    Defendant's marketing, promotion, offering for sale, sale, and distribution of goods under the JEWEL HUNTER mark, which is identical and confusingly similar to Plaintiff's JEWEL HUNTER mark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

42.    Defendant's conduct is willful, intended to reap the benefit of Plaintiff's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43.    Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT III
## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW
## N.Y. GEN. BUS. LAW § 349

44.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

45.    By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of New York's General Business Law § 349.

46.    The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts.

US2008 20987835 2

47.      Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill

and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined

by this Court.  Plaintiff has no adequate remedy at law.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

48.      Plaintiff repeats and realleges each and every allegation in the foregoing

paragraphs as if fully set forth herein.

49.      Defendant's unauthorized advertising, offering for sale, sale, and distribution of

goods under the JEWEL HUNTER mark, which is identical and confusingly similar to Plaintiff's

JEWEL HUNTER mark, constitutes a false designation of origin and a false description or

representation that Defendant's goods and services are authorized by Plaintiff, and is thereby

likely to confuse consumers.

50.      Defendant is using the JEWEL HUNTER mark with full knowledge that it is

identical and confusingly similar to Plaintiff's JEWEL HUNTER mark.  Defendant's acts of

unfair competition are willful and deliberate, and done with an intent to reap the benefit of the

goodwill and reputation associated with Plaintiff's JEWEL HUNTER mark.

51.      Defendant's advertising, offering for sale, sale, and distribution of goods under

the JEWEL HUNTER mark, which is identical and confusingly similar to Plaintiff's JEWEL

HUNTER mark, constitutes common law unfair competition.

52.      The aforesaid conduct of Defendant is causing irreparable injury to Plaintiff and

to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public

unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment:

US2008 20987835 2

1.      Reversing the September 2, 2022 decision of the Trademark Trial and Appeal Board in the matter of *Shanghai Zhenglang Technology Co., Ltd. v. Superbox Inc.*, Opposition No. 91251457 referenced herein, pursuant to 15 U.S.C. § 1071(b);

2.      Sustaining Plaintiff's opposition to Defendant's Application;

3.      Ordering the United States Patent and Trademark Office to register Plaintiff's Application Serial No. 90/186,182 for JEWEL HUNTER on the Principal Register;

4.      Enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

a)      using the JEWEL HUNTER mark or any other mark incorporating the term JEWEL HUNTER for any goods or services;

b)      manufacturing, offering, selling, marketing, promoting, advertising, or providing any goods or services under the JEWEL HUNTER mark or any other marks or designations that are confusingly similar to the JEWEL HUNTER mark;

c)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendant, or any service offered or rendered by Defendant, is in any manner associated or connected with Plaintiff, or is licensed, sponsored, approved, or authorized by Plaintiff;

d)      engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of the JEWEL HUNTER mark;

US2008 20987835 2

e)      disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the JEWEL HUNTER mark, or any other mark or designation that is confusingly similar to the JEWEL HUNTER mark;

f)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

5.      Requiring Defendant to account for and pay over to Plaintiff three times the profits realized by Defendant from its infringement of the JEWEL HUNTER mark and unfair competition with Plaintiff;

6.      Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), arising out of Defendant's acts of willful unfair competition;

7.      Awarding Plaintiff its actual damages, trebled pursuant to N.Y. GEN. BUS. LAW §§ 349(h) and 360-m, arising out of Defendant's acts of willful and deceptive trade practices in connection with the JEWEL HUNTER mark;

8.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9.      Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b), as well as N.Y. GEN. BUS. LAW §§ 349(h) and 360-m; and

10.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

US2008 20987835 2

DATED: November 4, 2022

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Briggs M. Wright*

Georges Nahitchevansky (GN 7750)
ghn@kilpatricktownsend.com
Briggs M. Wright (BW 1979)
briggs.wright@kilpatricktownsend.com
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiff*

13